**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Luis Romano** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **Diligent Health, LLC d/b/a Diligent** | § | |
| **Delivery Systems** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Luis Romano ("Plaintiffs") by and through his undersigned counsel, hereby brings this action against Defendant, Diligent Health, LLC d/b/a Diligent Delivery System ("Defendant" and "Diligent Health"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III) ("FLSA").

## I.     PARTIES

1. Plaintiff resides in Harris County, Texas.

2. From 2015 to April 10, 2018 Defendant employed Plaintiff as a delivery driver.

3. Plaintiff, Luis Romano, was an "employee" of Defendant, as that term is defined by the FLSA.

4. During his employment, Defendant paid Plaintiff a day rate for driving his assigned routes and additional fees for extra trips.

5. Plaintiffs primary duties were to pick up medical specimens and delivering them to one or more testing facilities. Defendant also assigned Plaintiff to pick up and transport medicine and medical equipment between medical facilities.

1

6.  Plaintiffs hours of work varied based on the number of deliveries Defendant assigned each week.

7.  Defendant, Diligent Health, LLC d/b/a Diligent Delivery System, is a professional association formed and existing under the laws of the State of Texas and which contracts with a Houston hospital to provide delivery services in Harris County, Texas, and is subject to the provisions of the FLSA because at all relevant times it engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s).   . Defendant may be served by serving its registered agent C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or at any other place it may be found.

8.  At all times material to this complaint, Defendant had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

## II.      JURISDICTION AND VENUE

9.  This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

10. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

11. At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12. At all times material to this complaint, Defendant was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

### III.    UNPAID OVERTIME WAGES

13. Between April 10, 2015 to April 10, 2018 Plaintiff worked numerous workweeks in excess of 40 hours per week.

14. Defendant misclassified Plaintiff as an independent contractor.

15. Defendant did not maintain time records for the hours worked by the Plaintiff each week.

16. During the weeks of employment where Plaintiff worked more than 40 hours, Defendant failed to pay Plaintiff time and one-half his regular rate of pay as required by the FLSA.

17. At all times relevant to this case, the Defendant had knowledge of Plaintiffs regular and overtime work. Defendant gave Plaintiff fixed delivery routes that set schedules that required him to work over 40 hours a week.  Defendant kept track of Plaintiff's delivery throughout the work day in order to make sure he made timely pick-ups and drop-offs.

18. Defendant' actions were willful and in blatant disregard for Plaintiffs federally protected rights.

19. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid, and which should have been paid at the proper overtime premium.

20. Plaintiff further seeks liquidated damages as Defendant' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

21. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

### IV.    PRAYER

WHEREFORE, Plaintiff, Luis Romano, prays that the Court assume jurisdiction of this cause and that Defendant be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

a.      Judgment against Defendant for all unpaid overtime wages found to be due and owing;

b.      Judgment against Defendant, that it's violations of the FLSA was willful;

c.      Judgment against Defendant for an amount equal to the unpaid overtime compensation as liquidated damages;

d.      If liquidated damages are not awarded, an award of pre-judgment interest;

e.      Post-judgment interest at the applicable rate;

f.      All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

g.      Leave to amend to add claims under applicable state laws, if necessary; and,

h.      For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

## V.      JURY TRIAL DEMAND

Plaintiff, Luis Romano, hereby demands a trial by jury on all claims he has asserted in this Complaint.

Respectfully submitted,

TRAN LAW FIRM

*/S/Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 South Gessner Road, Suite 104
Houston, Texas 77063
Tel: (713) 223 – 8855
Fax: (713) 623 – 6399

4

ttran@tranlawllp.com
service@tranlawllp.com

**ATTORNEY FOR PLAINTIFF**